IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMANTHA MACINTYRE : 
873 Rocky Pinch Lane : 
Manheim, PA.  17545 : 
    Plaintiff :CIVIL ACTION
 : 
vs. :CIVIL ACTION NO.:
 : 
UNITED OF OMAHA LIFE INSURANCE CO, and : 
MUTUAL OF OMAHA : 
    Defendants : 

## COMPLAINT

### 1. NATURE OF THE COMPLAINT

1.    Plaintiff, Samantha MacIntrye (hereinafter referred to as "Macintyre") brings this action against United of Omaha Life Insurance Company and Mutual of Omaha (hereinafter referred to collectively as "Mutual of Omaha"), for violation of the Employment and Retirement Income Security Act of 1974, as amended, *29 U.S.C. § 1001, et seq.*, (hereinafter referred to as "ERISA").

2.    Macintyre was a participant in Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates group Short-Term Disability Policy, specifically policy no GUC-0CFMP (hereinafter referred to as the "Plan") which encompasses short-term disability, and is governed by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001, et. seq., (hereinafter referred to as "ERISA") and is a plan for short-term disability benefits that is underwritten, administered and insured by United of Omaha Life Insurance Company and Mutual of Omaha, and was issued to Macintyre's employer, Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, by United of Omaha Life Insurance Company and Mutual of Omaha, who served as fiduciary with regards to the Plan.

3. This Complaint alleges the following violations of ERISA: (1) Mutual of Omaha's unlawful denial of Macintyre's short-term disability benefits despite medical evidence demonstrating her qualification for said benefits, and despite the lack of medical evidence supporting Mutual of Omaha's denial, (2) the denial by Mutual of Omaha of Macintyre's claim for short-term disability benefits was arbitrary and capricious, (3) Mutual of Omaha's unjustified disregard for the opinion of Macintyre's treating physicians, including Dr. Sharon Eltz, in an attempt to deprive Macintyre of the short-term disability benefits she is due, (4) Mutual of Omaha's misclassification of Macintyre's job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, and disregard of the actual day-to-day duties of Macintyre's job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, as it relates to the opinion of Macintyre's treating physicians with regards to Macintyre's ability to perform the functions of her actual job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, or other employment within the definition of disability under the Plan, (5) Mutual of Omaha's finding that Macintyre did not have any limitations as she does not suffer from any functional impairments, (6) Mutual of Omaha's failure to meet its obligations as fiduciary with regards to the Plan, and (7) Mutual of Omaha's failure to provide a reasonable claims procedure that would yield a decision on the merits of Macintyre's claim.

4. Macintyre is filing this action to recover short-term disability benefits due under the Plan/ policy of insurance, and to enforce the present rights existing therein, to declare and clarify her rights under the terms of the Plan/ policy of insurance, and to recover attorney's fees and costs as provided by ERISA.

**2. JURISDICTION**

5. This Court has personal and subject matter jurisdiction over this case pursuant to *ERISA § 502(e)(2) and (f)*, *29 U.S.C. § 1332(e)* and *(f)*, without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district, as this Court also has jurisdiction over all issues raising a federal questions and this instant matter involves a disability policy governed by ERISA under *29 U.S.C. § 1011*, et, seq.

**3. VENUE AND SERVICE OF PROCESS**

6. Venue in this Court is proper under *ERISA § 502(e)(2)*, *29 U.S.C. § 1132(e)(2)* in that the Defendant can be found in this district and the breach took place in this district.

7. Service of process is authorized in any district where a defendant resides or may be found. *ERISA § 502(e)(2)*, *29 U.S.C. § 1132(e)(2)*.

**4. THE PARTIES**

8. Plaintiff, Samantha Macintyre, who is presently thirty-seven (37) years of age, is a resident of Manheim, Lancaster County, Pennsylvania, and resides within the Eastern District of Pennsylvania.

9. Macintyre, at all times pertinent, was a participant within the meaning of *ERISA §3(7)*, *29 U.S.C. § 1002(7)* in the group short-term disability plan that was issued by Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, Macintyre's employer, through Mutual of Omaha.

10. Macintyre has standing to bring this action under *ERISA § 502(a)(1)(B)*, *29 U.S.C. § 1132(a)(1)(B)*.

11. Defendant, Mutual of Omaha, operates through its subsidiaries, including underwriting companies, hereinafter referred to as "Mutual of Omaha" is a for-profit foreign

corporation licensed to do business within the Commonwealth of Pennsylvania, upon information and belief, and is headquartered at 3300 Mutual of Omaha Plaza, Omaha, NE. 68175, also has a mailing address of 3316 Franam Street, Omaha, NE. 68175.

12. Defendant, United of Omaha Life Insurance Company, hereinafter referred to as "Mutual of Omaha" is a for-profit foreign corporation licensed to do business within the Commonwealth of Pennsylvania, upon information and belief, with a principal business office address of 3300 Mutual of Omaha Plaza, Omaha, NE. 68175.

13. Mutual of Omaha is an insurance company authorized to transact business in the Commonwealth of Pennsylvania and may be served with process at its home office, 3300 Mutual of Omaha Plaza, Omaha, NE. 68175.

14. At all times relevant to the claims asserted in this Complaint, Mutual of Omaha purported to act and did act as an ERISA claims fiduciary with respect to participants of the Plan, and specifically, with regards to Macintyre, within the meaning of ERISA.

15. The Plan under which Macintyre is suing is a group disability insurance plan issued by Mutual of Omaha to Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates.

## 5.  STATEMENT OF FACTS

16. At all relevant times hereto, Macintyre has been employed by Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates as a billing specialist, which is a job she performed for Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates on a full-time basis, at greater than a light level of exertion, and Macintyre's rate of pay at the time she stopped working was paid $23.00 per hour.

4

17. Macintyre, at all relevant times hereto, has been insured under the Plan, as it relates to her claim for short-term disability benefits, all policy premiums due on behalf of Macintyre under said contract of insurance have been paid, and Macintyre has performed all obligations required of her under said contract of insurance.

18. The Plan issued and administered by Mutual of Omaha provides for payment of short-term disability benefits for employees of Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, who meet the contractual provisions of the Plan, when an insured becomes disabled, which is to pay Macintyre benefits at the rate of specific rate set forth under the Plan.

19. For purposes of Short-Term Disability benefits, the Plan defines disabled as follows: "*Disability or Disabled* means that because of an Injury or Sickness, a significant change in your mental or physical functional capacity has occurred and:

> a) during the Elimination Period, you are prevented from performing at least one the Material Duties of your Regular Job (on a part-time or Full-Time basis);
>
> and
>
> b) after the Elimination Period, you are:
>
> > 1. prevented from doing at least one of the Material Duties of your Regular Job (on a part-time or Full-Time basis); and
> >
> > 2. unable to generate Current Earnings which exceed 99% of your Basic Weekly Earnings due to that same Injury or Sickness.
>
> Disability is determined relative to your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.
>
> *Material Duties* means the essential tasks, functions, and operations relating to your Regular Job that cannot be reasonably omitted or modified. In no event will we consider working more than the required Full-Time hours per week in and of itself to be part of material duties.

> *Regular Job* means the job you are routinely performing when your Disability begins."

20. The disability benefits are calculated as a percentage of the employee's monthly covered earnings, and are paid as a percentage of those monthly covered earnings.

21. On February 10, 2025, Macintyre stopped working for Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates due to a number of severe impairments, including chronic neck pain, back pain, muscle weakness in all extremities, chronic fatigue disorder, autoimmune connective tissue disorder, migraine headaches, lymphadenopathy, and fibromyalgia, as well as for issues related to her mental-health, including Bi-Polar affective disorder, attention deficit hyperactivity disorder, major depressive disorder and generalized anxiety disorder, which rendered her disabled, and unable to perform the duties required by her job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, and Macintyre filed for short-term disability benefits which would have been due and owing to her after a required elimination period under the policy, which expired on March 13, 2025, under which Macintyre received until her short-term benefits were initially paid and then stopped by Mutual of Omaha on June 10, 2025, by way of their review of the claim, as referenced in their letter to Macintyre dated July 11, 2025.

22. Macintyre's job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates as a billing specialist, which required her to perform a variety of services, which Macintyre is unable to perform, as it relates to her ability to exert herself physically and mentally, even with regards to the use of a computer or telephone, as she may be required to use as part of her regular job as a billing specialist, including, but not limited to, the preparing, reviewing and transmitting of accurate electronic and paper claims to insurance companies, following up on unpaid or denied claims, posting insurance and patient payments to the correct

accounts and reconciling balances to maintain financial accuracy, communicating with patients, coding and compliance, and maintaining accurate billing record and generating financial reports.

23. On July 11, 2025, Mutual of Omaha issued a notice, which stated that upon their review of Macintyre's short-term disability claim, that her claim was being denied as her claim file did not support her ongoing claim for disability benefits as she was no longer disabled under the terms of the Policy.

24. In support of the July 11, 2025 denial of Macintyre's claim for short-term disability benefits, Mutual of Omaha stated that the medical documentation reviewed does not support a finding that Mcintyre is disabled under the terms of the Plan, however, Mutual of Omaha noted treatment records from various treating sources, including those from Dr. Sharon Eltz set forth in detail in both a Mental and a Physical Residual Functional Capacity Questionnaire, both of which supported a finding that Macintyre was suffering from a number of functional impairments, and was not capable of performing her work duties due to issues with pain, attention and concentration, understanding, remembering and applying information, interacting with other, maintain sustained concentration, persistence and pace, her ability to adapt and manage herself, her ability to remain on task, her expected rate of absenteeism, and her need to take unscheduled breaks, which caused Macintyre to struggle to keep up with work, and ultimately led to Macintyre stopping her work.

25. In support of the July 11, 2025 denial of Macintyre's claim for short-term disability benefits, Mutual of Omaha stated that the record was reviewed by a physician on July 9, 2025, and that Mutual of Omaha relied upon the findings of this reviewer, at least in part, in denying the claim.

26. Macintyre filed an appeal of the July 11, 2025 denial of her claim for ongoing short-term disability benefits.

27. As part of this initial appeal, Macintyre, through her prior legal counsel, provided a legal memorandum/ summary of treatment on September 17, 2025 to Mutual of Omaha, which included a detailed summary of the records of treatment that support Mcintyre's claim for short-term disability

28. On October 6, 2025, a decision was issued by Mutual of Omaha to deny Macintyre's appeal of the denial of her claim for ongoing short-term disability claim.

29. Mutual of Omaha should have afforded proper weight and consideration to notes of Macintyre's treatment, including the notes of treatment from notes specifically from the treating sources noted previously herein, all of which weighed Macintyre's multiple severe health conditions, and the limitations related thereto, as compared to the physical and mental demands of the actual duties associated with Macintyre's job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, which, in the opinion of Macintyre's treating sources, Macintyre was incapable of performing after the elimination period.

30. Mutual of Omaha's refusal to provide proper weight to Macintyre's primary treating sources, which continued to indicate that Macintyre was unable to return to work even after the elimination period, due to her failure and inability to perform essential functions of her job due to ongoing numerous limitations from her multiple severe impairments, despite the lack of adequate independent medical evidence or opinions to support Mutual of Omaha's conclusion that Macintyre is not disabled, amounts to bad faith, and is contrary to the medical evidence and records which Mutual of Omaha was provided in this matter.

31. The basis for Mutual of Omaha's denial of ongoing short-term disability benefits to Lotz in this matter is a finding that Macintyre does not suffer from any functional impairments, and therefore has no limitations with regards to her ability to perform her job, without reference at all to Macintyre's actual occupation or duties associated therewith, despite Macintyre's job position at Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates as a billing specialist, which required her to perform various functions and services.

32. Macintyre has exhausted all administrative remedies, reviews and appeals pursuant to the policies with the final denial being issued on October 6, 2025.

### 6. DEMAND FOR RELIEF SOUGHT

#### a. Count One: Enforcement of Plan Terms/ Breach of Contract

33. The Plan is a contract.

34. Macintyre has performed all of her obligations under the contract.

35. *ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)* states that: A civil action may be brought –

> (1) by a participant or beneficiary –
>
> (A) for the relief provided in subsection (c) of this section, or
>
> (B) to recover benefits due to her under the terms of his plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

36. Mutual of Omaha's actions constitute an unlawful and/ or arbitrary and capricious denial of benefits due under ERISA, as provided in *ERISA § 502(a)(1)(B), 29 U.S.C.§ 1132(a)(1)(B)*.

37. In accordance with *ERISA § 502(a)(1)(B), 29 U.S.C.§ 1132(a)(1)(B)*, Macintyre is entitled to be paid benefits under the Plan based on her disabled status, from the end of her

elimination period, through to and continuing until such time as she exhausted the maximum amount of weeks of benefits she was entitled to receive for short-term disability, pursuant to the terms of the Plan.

38. Mutual of Omaha has refused to provide Macintyre with these benefits and is, therefore, in breach of the terms of the Plan and ERISA, which require that Mutual of Omaha engage in a full and fair review of all claims and the administration of the Plan in the best interests of the Plan participants.

39. Mutual of Omaha improperly: (1) failed to take into account the records from treating physicians, which clearly supported multiple functional impairments, (2) failed to properly consider limitations from multiple functional impairments, in relation to Macintyre's job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates, and the duties associated therewith, (3) selectively and improperly focused on an opinion from independent reviewers, rather than considering Macintyre's medical treatment, and limitations related thereto, as a whole, and (4) failed to acknowledge the findings of treating physicians, who repeatedly indicated that Macintyre is unable to work, or who provided findings and limitations that were consistent with a determination that Macintyre would be incapable of performing her pre-disability job with Susquehanna Valley Women's Health Care, PC, dba Drs. May-Grant Associates.

40. As a direct and proximate result of this breach, Macintyre has lost the use of her rightful short-term disability benefits.

### b.  Breach of Fiduciary Duty Under ERISA

41. Mutual of Omaha was acting in a fiduciary capacity as to the disability insurance policy in this matter, and, as such, was required to:

      a.    abide by the express terms of the disability policy;

      b.    place the interests of participants and beneficiaries before its own;

      c.    comply with the applicable claim regulations;

      d.    provide a full and fair review; and

      e.    provide a non-adversarial claims process.

42.    Mutual of Omaha failed to fulfill its fiduciary obligations.

43.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Macintyre is entitled to bring any action to enjoin any act or practice which violates ERISA or the terms of the disability insurance policy or to obtain other appropriate relief to redress such violations or to enforce any provisions of ERISA or the terms of the disability insurance policy and to otherwise obtain relief for Mutual of Omaha's breach of fiduciary duty.

### c. Count Two: Attorney's Fees and Costs

44.    Under the standards applicable to ERISA, Macintyre should recover " a reasonable attorney's fee and costs of the action" herein, pursuant to *ERISA § 502(g)*, *29 U.S.C. § 1132(g)*.

45.    Mutual of Omaha has the ability to satisfy the award.

46.    Cessation of Mutual of Omaha's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all participants.

47.    Mutual of Omaha has acted in bad faith in denying Macintyre's short-term disability benefits under the Plan.

48.    The award of attorney's fees and costs against Mutual of Omaha will deter others acting under similar circumstances.

WHEREFORE, the Plaintiff, Samantha Macintyre, prays that this Court:

1. Declare, adjudge and decree that Plaintiff, Samantha Macintyre, is entitled to short-term disability benefits as calculated under the terms of the Plan;

2. Enter judgment in favor of Plaintiff, Samantha Macintyre, against Defendant, Mutual of Omaha, on all claims asserted herein;

3. Award Plaintiff, Samantha Macintyre, the full amount of unpaid short-term disability benefits to which she is entitled, together with such pre-judgment interest as may be allowed by law;

4. Order that Defendants make restitution to Plaintiff, Samantha Macintyre, in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with all pre-judgment interest;

5. Award Plaintiff, Samantha Macintyre, the costs of this action and reasonable attorney's fees;

6. Award any and all other equitable relief to which she may be entitled;

7. Leave to amend the complaint as needed; and

8. Award such other relief as this Court deems just and reasonable.

        BUZGON DAVIS LAW OFFICES

        BY:  /s/ Jason J. Schibinger_____
              Jason J. Schibinger, Esquire, Attorney I.D. #86859
              525 South Eighth Street, Post Office Box 49
              Lebanon, PA   17042-0049
              (717) 274-1421, Fax:  (717) 274-1752
              E-Mail:  schibinger@buzgondavis.com
              Attorneys for Plaintiff